UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. CACCIA II, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:21-1447 |
| v. | : | (JUDGE MANNION) |
| WARDEN WAPINSKI, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Presently before the court is the report of Judge Saporito recommending the court dismiss Plaintiff's *pro se* prisoner complaint. (Doc. 11). None of the parties filed objections to the report, and the time within which they could do so has passed.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Since the report delineates the procedural and factual background of this case, it will not be fully repeated herein. (*See* Doc. 1 at 1–2). In sum, this is a *pro se* prisoner case in which the Plaintiff alleges the named defendants imprisoned and prosecuted state criminal charges against him in violation of his federal constitutional rights. Judge Saporito liberally construed the complaint to assert §1983 false imprisonment and malicious prosecution claims against the defendants. Judge Saporito found that the malicious prosecution claims are barred by the favorable termination rule, *see Heck v. Humphrey*, 512 U.S. 477 (1994), since Plaintiff's felony burglary and misdemeanor drug possession convictions have not been invalidated. For Plaintiff's false imprisonment claims, Judge Saporito analyzed Plaintiff's allegations and found them woefully deficient under the relevant legal standards to allege such claims. For example, Plaintiff failed to plead the defendants lacked probable cause to arrest and detain him on any of his charges. Judge Saporito also found it clear that the officers had probable cause based on the exhibits attached to Plaintiff's complaint. In sum, Judge Saporito recommends dismissal of the complaint without leave to amend due to the plain substantive deficiencies in Plaintiff's *pro se* pleading.

The court has reviewed Judge Saporito's report and finds no clear error of record. Furthermore, the court agrees with the sound reasoning which led Judge Saporito to his conclusions in the report. Accordingly, **IT IS HEREBY ORDERED** that the report is **ADOPTED** in its entirety as the opinion of the court, and Plaintiff's complaint is **DISMISSED** with prejudice. The Clerk of Court is directed to **CLOSE** this case.

*[signature]*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 28, 2023**
21-1447-01